UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RENATA FRIED, trustee of the Renata Fried Family Trust,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>Defendants. | Case No: C 09-1049 SBA<br><br>**ORDER DENYING AS MOOT MOTION TO DIMISS FIRST AMENDED COMPLAINT AND ORDER TO SHOW CAUSE RE DISMISSAL**<br><br>**[Docket No. 19]** |

Presently before the Court is defendants' Motion to Dismiss the First Amended Complaint filed by JPMorgan Chase Bank, N.A. ("JP Morgan") and California Reconveyance Trust Company ("CRC"). (Docket No. 19.)

On March 10, 2009, Renata Fried, trustee of the Renata Fried Family Trust, ("Plaintiff") filed the instant action against Washington Mutual Bank, Pleasanton Wholesale LFC, Group 9, Inc., JP Morgan and CRC. (Docket No. 1.) Three days later, on March 13, 2009, Plaintiff filed a First Amended Complaint. (Docket No. 5.) On April 3, 2009, JP Morgan, CRC and Plaintiff filed a Stipulation to Extend the Time for Defendants to File a Responsive Pleading to Plaintiff's First Amended Complaint. (Docket No. 10.) No other defendant has since made an appearance.

On August 20, 2009, JP Morgan and CRC filed the instant Motion to Dismiss the First Amended Complaint. On September 8, 2009, Plaintiff filed a Voluntary Dismissal Without Prejudice, dismissing JP Morgan and CRC pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Docket No. 23.) Accordingly, JP Morgan and CRC having been dismissed from the action, the Motion to Dismiss the First Amended Complaint is DENIED AS MOOT.

As a result of Plaintiff's dismissal of JP Morgan and CRC, the remaining defendants are Washington Mutual Bank, Pleasanton Wholesale LFC, and Group 9, Inc. However, it appears that

Plaintiff has not served these defendants. As of December 15, 2009, it appears from the record that Plaintiff has not complied with Federal Rule of Civil Procedure 4(m), which requires that service of process be effectuated on defendants within 120 days after the filing of the complaint. This rule states, in relevant part, that:

> If a defendant is not served within 120 days after the complaint is filed, ***the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice*** against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period…

Fed.R.Civ.P. 4(m) (emphasis added).

Inadvertent error or ignorance of the governing rules does not establish good cause for failing to comply with Rule 4(m). See Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir. 1987). Moreover, dismissal is mandated even where the dismissal eliminates the plaintiff's cause of action. Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (claim dismissed notwithstanding that its refiling would be barred by the statute of limitations).

In the instant case, Plaintiff filed the First Amended Complaint on March 13, 2009. Under Rule 4(m), the last day to effect service was approximately July 11, 2009. However, as of the date of this order, there is no indication in the Court file that Plaintiff has properly served the Complaint on any named defendant other than JP Morgan and CRC. The failure to comply with the Federal Rules of Civil Procedure or any order of the court is grounds for dismissal of this action under Federal Rule of Civil Procedure 41(b). Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Accordingly,

IT IS HEREBY ORDERED THAT:

(1) The Motion to Dismiss the First Amended Complaint filed by JP Morgan and CRC is DENIED AS MOOT.

(2) The case management conference scheduled for December 17, 2009, at 3:15 p.m. is VACATED.

(3) Plaintiff shall appear in this Court on **February 4, 2010 at 4:00 p.m.** to show cause why this case should not be dismissed and/or sanctions should not be imposed for lack of

prosecution and/or failure to comply with Rule 4(m). Plaintiff shall be responsible for filing the Certificate of Counsel, as set forth below.

(4) At least ten (10) days prior to the date specified for the court appearance, Plaintiff must file a Certificate of Counsel with the Clerk of the Court to explain why the case should or should not be dismissed and why sanctions should or should not be imposed for lack of prosecution and/or failure to comply with Rule 4(m). The Certificate shall set forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposition to dismissal by any party, and its expected course if not dismissed.

(5) Please take notice that this Order requires both the specified court appearance and the filing of the Certificate of Counsel. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS UPON WHICH TO DISMISS THE ACTION.

Dated:_12/17/09

*Saundra B. Armstrong*
Hon. Saundra Brown Armstrong
United States District Judge