UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RENATA FRIED, trustee of the Renata Fried Family Trust,<br><br>          Plaintiff,<br><br>     vs.<br><br>WASHINGTON MUTUAL BANK, et al,<br><br>          Defendants. | Case No: C 09-1049 SBA<br><br>**ORDER GRANTING WITHDRAWAL OF ATTORNEY AND CONTINUING HEARING ON DEFENDANTS' MOTION** |

　　　　Plaintiff Renata Fried filed this action as "trustee of the Renata Fried Family Trust." (Docket No. 1 at 1.) On March 10, 2010, this Court dismissed this action, under Federal Rule of Civil Procedure 4(m), due to Plaintiff's failure to prosecute. (Docket No. 31.) On June 18, 2010, Defendants JP Morgan Chase Bank, N.A., and California Reconveyance Company ("Defendants") filed a Motion for a Court Order to Expunge Notice of Pendency of Action and for Attorneys Fees and Costs ("Defendants' Motion"). (Docket No. 32.) That matter is currently scheduled for hearing on September 28, 2010.

　　　　On August 26, 2010, Plaintiff filed a Stipulation to Withdraw Attorney, indicating that Plaintiff and her counsel, Jonathan Fried, have agreed to the withdrawal of Mr. Fried as Plaintiff's attorney. (Docket No. 35.) Plaintiff's counsel had initially filed a motion to withdraw, along with a Stipulation to Withdraw Attorney, on October 14, 2009. (Docket No. 25.) Also on August 26, 2010, Plaintiff, through her counsel, filed a Reply to Motion to Expunge Notice of Pendency of Action. (Docket No. 34.) That "Reply" does not address the merits of Defendants' Motion. Rather, it explains to this Court why Plaintiff had to "fire" Mr. Fried due to the fact that he "discovered he was a material witness and possibly an adverse party." (Id. at 1.) Plaintiff also indicates that she intends to file a "pro se reply" in opposition to Defendants' Motion. (Id. at 3.)

However, there is no indication in the record that Plaintiff, acting as trustee, is the actual beneficial owner of the claims being asserted.  Of note, her complaint fails to include any factual allegations regarding the nature of the Renata Fried Family Trust.  "It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  "Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who by substantive law has the right to be enforced."  Id. (internal quotation marks omitted); see also C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697-98 (9th Cir. 1987) (trustee attempting to represent a trust *pro se* was not, pursuant to 28 U.S.C. § 1654, a "party" conducting his "own case personally" as he was not the beneficial owner of the claims being asserted); York v. U.S., 1998 WL 919875, at 1 (S.D. Cal. 1998) ("In C.E. Pope, the Ninth Circuit held that a party could not appear in pro per on behalf of a trust when the record does not indicate that the party is the actual beneficial owner of the claims.").  Accordingly,

IT IS HEREBY ORDERED THAT:

1.     Pursuant to the August 26, 2010 Stipulation to Withdraw Attorney, Jonathan Fried is no longer counsel of record for Plaintiff and shall be terminated in ECF.

2.     Mr. Fried shall immediately serve Plaintiff with a copy of this Order and shall thereafter file a proof of service to confirm the same.

3.     Plaintiff is advised that she cannot appear pro se on behalf of a trust unless she indicates that she is the actual beneficial owner of the asserted claims.  Therefore, if Plaintiff is indeed acting in that capacity, and should Plaintiff wish to file a pro se opposition to Defendants' Motion, she is directed to submit a declaration along with her opposition establishing that she is the actual beneficial owner of the asserted claims.  Otherwise, Plaintiff's opposition must be filed through an attorney.

4.     Regardless of whether filed pro se or through an attorney, Plaintiff's opposition, if any, to Defendants' Motion shall be filed by October 15, 2010.  The failure to timely file an opposition may be construed as a consent to the granting of the motion.

5. Any reply by Defendants shall be filed by <u>October 29, 2010</u>.

6. The September 28, 2010 hearing on Defendants' Motion for a Court Order to Expunge Notice of Pendency of Action and for Attorneys Fees and Costs is CONTINUED to <u>November 16, 2010 at 1:00 p.m</u>. The Court, in its discretion, may decide the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78(b), in which case no appearance for the motion will be necessary. The parties are advised to check the Court's website to determine whether a court appearance is required.

IT IS SO ORDERED.

Dated: September 15, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge