UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RENATA FRIED, trustee of the Renata Fried Family Trust,<br><br>    Plaintiff,<br><br>  vs.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>    Defendants. | Case No: C 09-1049 SBA<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR COURT ORDER TO EXPUNGE NOTICE OF PENDENCY OF ACTION AND FOR ATTORNEYS' FEES AND COSTS**<br><br>Dkt. 32 |

This mortgage fraud action was brought by Plaintiff Renata Fried against Defendants. The parties are presently before the Court on Defendants JPMorgan Chase Bank, N.A., and California Reconveyance Company's Motion for Court Order to Expunge Notice of Pendency of Action and for Attorneys' Fees and Costs ("Defendants' Motion"). Dkt. 32. Plaintiff has filed no opposition to Defendants' Motion. Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court hereby GRANTS IN PART Defendants' Motion. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the instant motion without oral argument.

I. **BACKGROUND**

On March 10, 2009, Plaintiff filed her initial Complaint in this action. Thereafter, on March 13, 2009, Plaintiff filed a First Amended Complaint for rescission, damages, and stay of the trustee sale of the property at issue: 1200 Palm Avenue, San Mateo, California 94401. In connection with this action, on March 12, 2009, Plaintiff caused to be recorded a Notice of Pendency of Action in the Official Records of the County of San Mateo for the property at issue. On August 20, 2009, Defendants JP Morgan Chase Bank, N.A., and California Reconveyance Company filed a Motion to Dismiss the First Amended Complaint. Dkt. 19.

On September 8, 2009, Plaintiff filed a Notice of Voluntarily Dismissal with Prejudice as to Defendants JP Morgan Chase Bank, N.A., and California Reconveyance Trust Company. Dkt. 23.

On December 18, 2009, the Court, upon a review of the record that revealed that Plaintiff had yet to serve the remaining Defendants in this action (namely, Washington Mutual Bank, Pleasanton Wholesale LFC, and Group 9, Inc.), issued an Order to Show Cause as to why this action should not be dismissed for failure to prosecute. Dkt. 29. A show cause hearing was held on February 4, 2010, at which Plaintiff failed to appear. On March 10, 2010, the Court issued an Order dismissing this action for Plaintiff's failure to comply with the Court's orders and failure to prosecute. Dkt. 31. Now, Defendants JPMorgan Chase Bank, N.A., and California Reconveyance Company have moved for an order expunging the notice of pendency of action and for an award of attorneys' fees and costs. To date, Plaintiff has filed no opposition to the instant motion.

## II.    DISCUSSION

Federal courts look to state law in matters pertaining to lis pendens. See 28 U.S.C. § 1964. "A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." Federal Deposit Ins. Corp. v. Charlton, 17 Cal.App.4th 1066, 1069 (1993) (citing Cal. Code Civ. Pro. §§ 405.2, 405.4, 405.20). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment. . . . Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." BGJ Associates, LLC v. Superior Court of Los Angeles, 75 Cal.App.4th 952, 966-67 (1999).

A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal. Code Civ. Pro. § 405.30. The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement. Id. A lis pendens shall be expunged if the court finds either, that the pleading on which the notice is based does not contain a real property claim, id. § 405.31, or that the claimant failed to establish by a preponderance of the

evidence the probable validity of the real property claim, id. § 405.32.  See Hunting World, Inc. v. Superior Court of San Francisco, 22 Cal.App.4th 67, 70-71 (1994).  Here, the Court has dismissed the underlying action, leaving Plaintiff without a real property claim.  Additionally, Plaintiff has effectively consented to the expungement of the lis pendens by failing to oppose Defendants' Motion.  The Court will therefore grant Defendants' unopposed motion for an order to expunge the notice of pendency of action.

Finally, Defendants request $801.10 in attorneys' fees and costs, pursuant to California Code of Civil Procedure § 405.38.  Section 405.38 provides that "[t]he court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."  In this case, the Court finds that imposition of fees would be unjust.  This Court's Standing Orders require the moving party to meet and confer with the other party prior to filing its motion.  The purpose of this requirement is to eliminate the time and expense associated with motion practice where no judicial intervention is, in fact, needed.  However, there is no indication in Defendants' Motion, or in the supporting declaration from Defendants' attorney Christopher Yoo, that they complied with that requirement.  Had Defendants done so, Plaintiff may have voluntarily expunged the lis pendens, thereby obviating the necessity of preparing the instant motion.  Thus, the Court denies Defendants' request for an award of fees and costs.[1]

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

---

[1] Defendants represent in their motion that "on February 22, 2010, Defendants requested that Plaintiff voluntarily dismiss the Notice of Pendency of Action, given that the underlying action had been dismissed on March 10, 2010."  Defs.' Mot. at 4 (emphasis added).  Not only is this assertion nonsensical from a time perspective, Defendants have offered no attorney declaration in support of their assertion.

1. Defendants' Motion for Court Order to Expunge Notice of Pendency of Action is GRANTED.  The Notice of Pendency of Action recorded with the San Mateo County Recorder's Office on March 12, 2009, by Plaintiff, as document number 2009-026933, concerning real property commonly known as 1200 Palm Avenue, San Mateo, California 94401, is hereby expunged.

2. Defendants' Motion for Attorneys' Fees and Costs is DENIED.

3. The November 16, 2010 hearing date on Defendants' Motion is VACATED.

4. Defendants' Motion to Appear by Telephone at the November 16, 2010 hearing is DENIED as MOOT.

5. This Order terminates Dockets 32 and 40.

IT IS SO ORDERED.

Dated: November 8, 2010

*Saundra B. Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge